IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

JOSEPH ALLEN DAVIS, on behalf of
Himself and others similarly situated,

    Plaintiff,

vs.                                            Case No.: 1:24-cv-00187-PAB

CLEAR HEALTH, LLC,

    Defendant.
_____/

### **DEFENDANT CLEAR HEALTH, LLC'S LOCAL RULE 37.1 POSITION PAPER**

Proceedings in this case are presently limited to the question of whether Plaintiff entered into an agreement to arbitrate his claims when he, or someone on his behalf, visited the "American Career Guide" website (the "Site"), and submitted his information, consenting to be contacted and agreeing to, among other things, the Site's Terms & Conditions.  Defendant served discovery requests aimed at, among other things, refuting Plaintiff's denials.  *See* Exs. A-C.  Plaintiff served his initial written responses, and an eleven-page document production.  *See* Exs. D-G.  After finally meeting and conferring following repeated requests, counsel for Plaintiff stated they would further consider their responses, but the amended responses they later served on February 3, 2025 failed to address the vast majority of issues and deficiencies raised by Defendant.  *See* Exs. H-J.  Accordingly, Defendant requests an order from the Court compelling Plaintiff to provide complete responses to Request for Production ("RFP") Nos. 3, 7, 12, 13, Interrogatory No. 9; and Request for Admission ("RFA") Nos. 3-4, 7-8, 11-12, 15-16, 19-20, 23-24, 27-28, 31-32, 35-36, 41.

### **Plaintiff's TCPA History (RFP No. 7 and Interrogatory No. 9)**

RFP No. 7 requests documents sufficient to identify "all demands, claims, or lawsuits asserting violations of the [TCPA]" that Plaintiff made or filed since 2020, "including but not

limited to demand letters." Plaintiff objects on the grounds of overbreadth, undue burden, that the information is "equally accessible" through public records, relevance, and disproportionality.

First, Plaintiff's objections should be overruled because they lack the specificity required by Rule 34(b)(2)(B) and instead are impermissible boilerplate objections that fail to state any valid objection. Second, Plaintiff contends that neither he nor someone he authorized made a submission on the Site and thereby entered into the Arbitration Agreement, that he did not even have the telephone number at those times, and that the evidence was somehow fabricated after the fact. *See*, *e.g.*, *See* Declaration of Joseph Allen Davis, Dkt. No. 19-1, ¶¶ 9-12, 22. Plaintiff's use of the TCPA to obtain statutory damages as a professional plaintiff bears directly on the credibility of his assertions, because without signing up to receive telephone solicitations there are no calls to sue over. Plaintiff claims he does "nothing to precipitate the illegal calls which are placed to me," (*id.* at ¶ 27), and Defendant is entitled to conduct discovery to challenge the veracity of that and similar statements. Moreover, the requested documents bear not only on the credibility of Plaintiff's testimony, but evidence of such conduct would also place Plaintiff outside the TCPA's zone of interests and preclude a showing of standing.[1]

Third, especially since Plaintiff's name is rather common, the PACER records he refers to are not "equally accessible" to Defendant. There have been 65 lawsuits filed by a Joseph Davis, Joseph Allen Davis, or Joseph A. Davis in federal court since January 1, 2020. *See* Ex. K. Plaintiff can determine with far greater ease and less burden which of those lawsuits is his, whereas Defendant would never be certain. Fourth, Plaintiff's pre-suit demand letters, of course, are not publicly available. Plaintiff has not provided any valid reason for shielding them from discovery.

---

[1] *See*, *e.g.*, *Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2018 WL 6735710, *12-13 (S.D. Cal. Dec. 21, 2018); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 800 (W.D. Pa. 2016); *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 376, 381-82 (C.D. Cal. 2016).

Interrogatory No. 9 is similar to RFP No. 7. It requests that Plaintiff "[i]dentify all demands, claims, or lawsuits asserting violations of the [TCPA]" that Plaintiff made or filed since 2020, including "the compensation, money, or income that You received from each alleged violator." In his Amended Response, Plaintiff withdrew his relevance and proportionality objections, leaving the only objections to this interrogatory overbreadth, undue burden, and that the information sought purportedly is easily accessible to Defendant through publicly available records,. *See* Ex. H at Resp. No. 9. All of these objections, too, should be overruled.

First, again, Plaintiff's objections are boilerplate and ineffective. *See* Fed. R. Civ. P. 33(b)(4). Second, it is not equally or easily accessible for Defendant to determine which of the 65 lawsuits mentioned above were filed by Plaintiff. Third, the requested information about pre-suit demands and compensation Plaintiff has obtained relating to the TCPA is not overbroad, unduly burdensome, or easily accessible for Defendant.

**Plaintiff's IP Address History (RFP No. 3)**

Plaintiff disputes that the IP addresses associated with the submission of his telephone number and other information on the Site were ever assigned to him. *See* Dkt. No. 19-1 at ¶ 18. RFP No. 3 requests documents sufficient to identify all Internet Protocol ("IP") addresses assigned to Plaintiff's devices from April 2023 through September 2023, the same period of time in which eleven submissions under his name and telephone number were made on the Site. Plaintiff refuses to utilize features on Facebook, Gmail, and Twitter, and Instagram, websites or services he stated he frequently visits, to obtain IP address histories. *See, e.g.*, Exs. L-N. Because Plaintiff can obtain his information on demand, just like undersigned counsel was able to for his own accounts, (Exs. O & P), the documents are within Plaintiff's control, and should be compelled.[2]

---

[2] *See, e.g.*, *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Hidalgo Lopez v. CoreCivic*, No. CV 19-04332 PHX ROS (CDB), 2021 WL 10384448, *22-23 (D. Ariz. July 29, 2021) (ordering plaintiff to

3

**Plaintiff's Purported Subscriber Status (RFP Nos. 12 and 13)**

Plaintiff repeatedly claims there is no way he could have made any of the submissions on the Site because he did not obtain the telephone number he allegedly received the calls on until October 2023. *See*, *e.g.*, Dkt. No. 19-1 at ¶ 22. Verizon, however, states that it has no relationship with Plaintiff at all and, in fact, the telephone number at all relevant times has been assigned to Sarah Morris, **Plaintiff's wife**.³ Defendant served several RFPs seeking to establish when and if Plaintiff ever obtained the telephone number, namely RFP Nos. 12 and 13. Even though he claims to be the user, owner, and subscriber of the telephone number, (*see*, *e.g.*, Dkt. No. 19-1 at ¶¶ 4-8; Dkt. No. 23 at ¶¶ 4-8), Plaintiff has refused to produce any documents from Verizon showing his account history or anything showing that he ever had the telephone number or starting only in October 2023. Verizon states its website has account information for the last 18 months, and for requests from earlier, "contact us." *See* Ex. S at 3. Presumably Plaintiff has made no such efforts because he would be handing over documents revealing his declaration testimony to be false. If Plaintiff is the subscriber and owner of the telephone number as he claims to be, he can obtain the requested documents on demand, they are within his control, and he should be ordered to do so.

**RFA Nos. 3-4, 7-8, 11-12, 15-16, 19-20, 23-24, 27-28, 31-32, 35-36, 41**

Plaintiff still refuses to flatly admit or deny whether the submissions on the Site were made by him or someone acting with his knowledge, perhaps his wife. Plaintiff initially sought to avoid those RFAs by stating he lacked knowledge, and when it was pointed out that Rule 36(a)(4) required more, he simply appended to the beginning of the same responses, "[a]fter a reasonable

---

"produce a full download of all of Decedent's activity" on Facebook account, which court notes includes "IP addresses," because plaintiff has "the legal right to obtain the documents requested upon demand" and thus "is in 'control' of this information").

³ *See* Ex. Q at 1 ("No records found associating Joseph Allen Davis to phone # 220-203-8888); *id.* at 5-8 (records showing telephone number was associated with Sarah Morris); Ex. R (property deed for property at same address in Verizon records identifying Davis and Morris as "Husband and Wife").

inquiry, including a review of available records and recollections," without ever identifying or detailing what inquiry was supposedly conducted.  *See* Exs. F & J at Resp. Nos. 3, 4, 7, 8, 11, 12, 15, 16, 19, 20, 23, 24, 27, 28, 31, 32, 35, 36.  Plaintiff even uses this tactic to avoid having to admit or deny whether someone he knows "used the Subject Number" – the telephone number on which he alleges he received the telephone solicitations at issue," and which was in his wife's name – prior to September 7, 2023.  Exs. F & J at Resp. No. 41.  These evasive responses are improper and Plaintiff should be compelled to provide complete responses that comply with Rule 36.

While Rule 36 allows a "lack of knowledge" response under certain circumstances, "***a mere recitation of the rule text will not suffice***."  *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, *3 (W.D. Ky. July 2, 2015) (emphasis added).[4]  Thus, where, as here, a party "failed to both allege and specify how [it] made a reasonable inquiry in an attempt to admit or deny the request," it "must serve amended answers . . . and must specify the efforts made in the inquiry if its amended answer will rely on a lack of knowledge."  *Aprile Horse*, 2015 WL 4068457 at *4.  For example, did Plaintiff ask his wife or anyone else he has reason to believe may have responsive information?  That must be specified.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that he met and conferred by telephone with counsel for Plaintiff and made a sincere, good faith effort to resolve the disputes raised herein.

Dated:  February 17, 2025            GREENSPOON MARDER LLP

                                     */s/ Roy Taub*
                                     Jeffrey A. Backman (*pro hac vice*)
                                     Roy Taub (*pro hac vice*)

---

[4] *See also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) ("[P]ermitting a party to avoid admitting or denying a proper request for admission simply by tracking the language of Rule 36(a) would encourage additional abuse of the discovery process."); *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 199 (D. Conn. 2014) ("[T]he answer must state specifically what efforts have been made or why reasonable efforts would be unavailing to obtain the requisite knowledge.").

> 200 E. Broward Blvd., Suite 1800
> Ft. Lauderdale, FL  33301
> (954) 491-1120
> jeffrey.backman@gmlaw.com
> mary.torres@gmlaw.com
> roy.taub@gmlaw.com
> cheryl.cochran@gmlaw.com
>
> Douglas R. Sargent
> Ohio Bar No. 97486
> 227 W. Monroe, Suite 3950
> Chicago, IL 60606
> (773) 395-1601
> doug.sargent@gmlaw.com
>
> *Attorneys for Defendant Clear Health, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 17, 2025, a true and correct copy of the foregoing was served on all counsel of record via CM-ECF.

> <u>/s/ Roy Taub</u>
> ROY TAUB

6