# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

JOSEPH ALLEN DAVIS, on behalf of
himself and others similarly situated,

      Plaintiff,                        Case No.: 1:24-cv-00187-PAB

vs.

CLEAR HEALTH, LLC,

      Defendant.

_____/

## PLAINTIFF'S POSITION PAPER PURSUANT TO LOCAL RULE 37.1

### I. INTRODUCTION

Pursuant to Local Rule 37.1, Plaintiff Joseph Allen Davis submits this Position Paper in response to Defendant Clear Health, LLC's Notice of Discovery Dispute and Position Paper (Dkt. No. 36). The parties conducted their court-ordered meet and confer on February 21, 2025, with Roy Taub for Defendant and movant and Dana Oliver for Plaintiff in attendance. While the parties were able to resolve some of the matters in the Defendant's meet and confer, it has become evident that the Plaintiff simply does not have certain categories of documents and interrogatory responses requested within his possession, care, custody, and control, or seeks documents which were never fixed in any tangible form. *In re NVMS, LLC*, No. 308-01901, 2008 WL 4488963, at \*2 (Bankr. M.D. Tenn. Mar. 21, 2008) (clarifying that Rule 34 applies only to information that is "fixed in a tangible form and to information that is stored in a medium from which it can be retrieved and examined."). Manufacturing a discovery dispute, however, is not the proper response to Plaintiff's inability to produce documents he never possessed, and should be directed to subpoena practice.

Additionally, Plaintiff's spouse, Sarah Morris, is scheduled for deposition on March 12, 2025, and Plaintiff on March 13, 2025. Defendant will have an opportunity to directly question Ms. Morris regarding such disputed nonproduction of the Verizon account details, communications

with Verizon, and any issues related to obtaining further records. Given these upcoming depositions, the Court may find it prudent to withhold any discovery rulings until after those depositions are completed, as some of these issues may resolve themselves.

## II. PLAINTIFF'S DISCOVERY RESPONSES ARE COMPLETE AND COMPLIANT

### A. Requests for Admission (RFAs)

Defendant contends that Plaintiff's responses to several RFAs are deficient. Plaintiff has provided clear, direct, and truthful answers, consistent with Fed. R. Civ. P. 36. Where Plaintiff denied requests based on lack of knowledge, Plaintiff complied with Rule 36(a)(4) by making a reasonable inquiry and determining that such information was not readily obtainable and making a qualified denial. *See Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 331 (E.D. Ky. 2006). For example, in Request for Admissions 1 and 2, the Plaintiff denies having submitted his information to the website alleged. However, in Request for Admission 3 and 4, the requests ask the Plaintiff to admit that some unspecified people "You know" submitted the Plaintiff's information to the website. But the Plaintiff cannot possibly inquire of every person he knows to see if he visited the website alleged, so he objected and made a qualified denial as to the same. Defendant cannot seek to compel a different response of Plaintiff as to the Requests for Admission merely because it is dissatisfied with the response. *See Scott v. Lamb*, No. 16-CV-13462, 2018 WL 1959601, at *2 (E.D. Mich. Apr. 26, 2018). And a review of the Requests for which the Defendant is dissatisfied *all contain* identical "someone You know" language.

Courts have held that a qualification of an admission response is warranted even when a response, "although containing some truth," "standing alone," "conveys unwarranted and unfair inferences." *McCarthy v. Darman*, No. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *12 (E.D. Pa. June 16, 2008) (citing cases). As discussed, any response here would convey an

unwarranted and unfair inference that Mr. Davis did not, and could not, possibly inquire of potentially thousands of people he "knows" and so cannot in good faith be admitted or denied. *See Paramount Fin. Communs., Inc. v. Broadridge Inv'r Commun. Sols., Inc.*, No. 15-405, 2017 U.S. Dist. LEXIS 16802, at *8 (E.D. Pa. Feb. 7, 2017); *Tomaszewski v. Allstate Ins. Co.*, No. 19-cv-0080, 2021 U.S. Dist. LEXIS 64699, at *10 (E.D. Pa. Apr. 2, 2021). The unwarranted inference here, of course, is that someone the Plaintiff knows submitted the Plaintiff's information to the website alleged. But the Plaintiff cannot possibly ask or inquire of every person he knows to ascertain whether they submitted his information or did any of the other activities sought to be admitted therein. To the best of the Plaintiff's knowledge, there are no such individuals, and Plaintiff would certainly not have authorized any such activities, which is why the Plaintiff denied such requests. Defendants will have the opportunity to question and test those responses at trial and at Mr. Davis' deposition, but they cannot use a purported discovery dispute to somehow change the Plaintiff's answer.

### B. Requests for Production (RFPs) - Verizon Account Records

After a meet and confer, the parties appear to be at an impasse with respect to Requests for Production 12 and 13. These requests seek information from Plaintiff as to the Plaintiff's Verizon account and telephone number, associated billing records, and account assignment records. However, the Plaintiff no longer has access to the bulk of his account records because he has since switched his service provider from Verizon to another telephone provider, and likely never had access to the bulk of the information sought as an initial matter. Additionally, Plaintiff's account was a joint account as a family plan with his wife listed as the primary account holder, and Verizon refuses to produce even *those* records to the Plaintiff's wife, who requested them multiple times. Moreover, the Defendant contends that the limited records to

which Plaintiff does retain access, and which he has produced, are deficient. However, much of

the documents sought are simply not those of the type Verizon stores in the normal course of its

business, let alone shares with customers upon request.  As such, despite diligent attempts to

obtain such information in the possession of Verizon, he has been unable to, and as such, the

documents cannot be said to be in the Plaintiff's possession, care, custody, or control.

A party's obligation in responding to a request for production includes a "duty under Rule

34 to conduct a diligent search and reasonable inquiry in [their] effort to obtain responsive

documents." Furthermore, a "responding party has an affirmative duty to reasonably seek

information requested under Rule 34(a) from its agents or others under its control." *Damsi v.*

*Tarpstop, LLC,* No. 3:21-CV-0953, 2023 WL 9186657, at *9 (N.D. Ohio Oct. 19, 2023).

However, the Rule does not require the Plaintiff to create records or produce records that he does

not have and which are not reasonably obtainable. The Plaintiff cannot be compelled to produce

documents which he does not have access to and has reasonably sought from Verizon under his

own control. Where a party has unequivocally stated it does not possess requested documents, a

court should not compel a further response. *Id.* This is because a party "cannot produce what it

does not have." *Id.* Simply put, Defendant's issues with the sufficiency, scope, or content of the

Plaintiff's production lies with the fact that they are in the possession of Verizon, not Plaintiff,

and that, despite diligent efforts, Verizon has refused to comply with the informal requests of

Plaintiff and his wife to obtain additional of those records beyond those produced already from

their customer service. To the extent that Defendant wants more data from Verizon, Defendant

should issue another third-party subpoena to Verizon for such information.

Defendant has already subpoenaed Verizon, and the records they received did not contain

the specific information Defendant seeks, raising questions if the data ever even existed in

Verizon's records as an initial matter. If Defendant believes further documentation is available, they have the ability to issue an additional subpoena or move to compel additional production of Verizon. However, "The fact that a party may disbelieve or disagree with a response to a discovery request ... is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect" or the requesting party's belief, without more, that a discovery production is not complete. *Id.* That being the case here, the Court should direct Defendant to issue another third-party subpoena to Verizon or direct Defendant to move to compel a response of Verizon, the actual entity alleged to be in possession of the documents the Defendant is seeking.

### C. IP Address Information

The Plaintiff, like most individuals, does not log or otherwise record every IP address which he has ever been assigned. Defendant's position is rendered untenable as an initial matter because it has a record of the *exact IP address*, 174.196.109.140, from which it contends consent was obtained. That IP address is associated with Verizon, and the most logical resolution of this dispute lies in Defendant issuing a third-party subpoena to Verizon to ascertain the identity of the subscriber to which this IP address was assigned at the date of the alleged opt-in. Plaintiff will do so himself presently to attempt to disprove the opt-in.

Instead, the Defendant has engaged in a fishing expedition to ascertain *all of the Plaintiff's IP addresses* which were ever associated with his social media activity in an effort to prove that the Plaintiff used the IP address 174.196.109.140 at some point. But the entirety of those records in the Plaintiff's possession, which the Plaintiff has already produced, show that the Plaintiff has not used that IP address. Again, the Plaintiff here is being placed in the untenable position of being asked to produce that which he does not have after having produced all that he does have.

Moreover, the Defendant's issue with such non-production lies in its dissatisfaction that the discovery it sought did not reveal the smoking gun it thought it would.

Ultimately, the Defendant is attempting to use an axe to cut down a forest in search of a single responsive tree instead of finding that tree by getting in a helicopter and flying over the forest. Neither this Court nor Plaintiff can dictate the Defendant its litigation strategy or best use of resources, but the most logical and direct method of seeking the information the Defendant requests is simply to serve a subpoena on the IP address's service provider to ascertain the subscriber at the time of the opt-in. If the Defendant insists on obtaining the Plaintiff's IP address history beyond that what he has access to himself, those responsive documents are within the possession of entities like Facebook, and should be appropriately sought from the third-party holders of such responsive documents.

## III.  COURT SHOULD ALLOW DISCOVERY ISSUES TO BE ADDRESSED IN DEPOSITIONS

Given that Plaintiff and Sarah Morris are scheduled for depositions on March 12-13, 2025, the Court may find that a ruling on Defendant's discovery requests is premature. Defendant will have a full opportunity to question Ms. Morris regarding Verizon account records and communications with Verizon, as well as any other concerns raised in Defendant's Position Paper. The need for motion practice may be unnecessary after these depositions are completed.

Accordingly, if Court is inclined to rule on Defendant's discovery requests, Plaintiff respectfully suggests that such rulings be deferred until after these depositions take place to determine whether any of Defendant's purported concerns remain unresolved.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff maintains that he has fully complied with his discovery obligations. Defendant's concerns regarding Plaintiff's responses are either unwarranted, already resolved, or will be addressed in upcoming depositions. Plaintiff respectfully requests that the Court deny any relief sought by Defendant regarding alleged discovery deficiencies and allow the scheduled depositions to proceed before considering further action.

RESPECTFULLY SUBMITTED AND DATED this February 28, 2025.

> /s/ Andrew Roman Perrong
> Andrew Roman Perrong, Esq.
> *Pro Hac Vice*
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: February 28, 2025

> /s/ Andrew Roman Perrong
> Andrew Roman Perrong, Esq.
> *Pro Hac Vice*
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com